IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRADLEY ALAN JONES,

                Petitioner,

v.

JUDY BIELKE, MELANIE
MCLAUGHLIN, JACOB BESCUP
SHERIFF DENNIS RICHARDS,
ROBERTS, SUSAN BARTON,
COLUMBIA COUNTY JAIL,
STATE OF WISCONSIN and
FEDERAL MARSHALLS/
OXFORD FEDERAL PRISON,

                Respondents.

ORDER

07-cv-594-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on December 26, 2007, I denied petitioner's request for leave to proceed in forma pauperis under 28 U.S.C. § 1915(e)(2) after concluding that his allegations failed to state a claim upon which relief may be granted. Now petitioner has filed a notice of appeal. The notice is not accompanied by the $455 fee required for filing an appeal. Therefore, I construe petitioner's notice of appeal to include a motion for leave to proceed on appeal in forma pauperis.

1

In determining whether petitioner may appeal in forma pauperis, I must consider whether he has three strikes under 28 U.S.C. § 1915(g) and, if not, whether he is indigent and whether his appeal is taken in good faith. Petitioner does not have three strikes and I am aware from the trust fund account statement he submitted just two months ago that he is indigent. Nevertheless, petitioner cannot proceed in forma pauperis on appeal because I must certify that his appeal is not taken in good faith.

I presume petitioner intends to raise on appeal the claims he raised in his complaint. The Court of Appeals for the Seventh Circuit has instructed district courts to find bad faith where a petitioner is appealing the same claims the district court found to be without legal merit in his complaint. Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). Because petitioner is attempting to raise on appeal the same legally meritless claims he raised in his complaint in this court, I must certify his appeal as not being taken in good faith.

Because I am certifying petitioner's appeal as not having been taken in good faith, petitioner cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Petitioner should be aware that if the court of appeals agrees with this

2

court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline. If petitioner fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from petitioner's prison account. Whether petitioner must pay the fee in full at one time or is allowed to use the partial payment mechanism in § 1915, the court's financial records should reflect that he owes the fee. Therefore, I am requesting the clerk of court to insure that the court's financial records reflect petitioner's obligation to pay a $455 fee for filing this appeal.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that petitioner's appeal is not taken in good faith. The clerk of court is requested to insure that the court's financial records reflect petitioner's obligation to pay a $55 fee for filing his appeal.

Entered this 15th day of February, 2004.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3